UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
RASVINDER DHALIWAL,                                         :
:
                      Plaintiff,                    :
:        18-CV-3146 (VSB)
      -v-                                                    :
:             ORDER
MALLINCKRODT PLC, et al.,                                  :
:
                    Defendants.                   :
:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff, who is now proceeding pro se, initiated this action on April 10, 2018. (Doc. 1.) After Defendants moved to compel arbitration, (Doc. 14), on September 29, 2019, I entered an Opinion & Order granting Defendants' motion and staying the action pending completion of arbitration, (Doc. 73.) Because Plaintiff has not complied with my orders to commence arbitration, this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    **I.**    **Background**

      After I granted Defendants' motion to compel arbitration, Plaintiff filed status updates on November 27, 2019, (Doc. 74), December 2, 2019, (Doc. 75), and January 29, 2020, (Docs. 77, 78), informing the court that she had not yet commenced arbitration and stating without explanation that she was "engaged in protected activity providing information to the Securities and Exchange Commission and other Governmental agencies concerning the Defendants," (Docs. 75, 78). On March 25, 2020, Plaintiff filed a letter stating that "[d]ue to the repeated and cruel retaliatory acts against me over the years by [Defendants], I feel extremely uncomfortable

1

about proceeding in arbitration," expressing a desire to proceed in federal court.  (Doc. 80.)  Plaintiff filed a second letter with similar representations on May 29, 2020.  (Doc. 82.)  Defendants denied Plaintiff's representations and filed a letter motion for a conference, which I granted.  (Doc. 84.)  On June 9, 2020, Plaintiff filed a letter with exhibits, attempting to demonstrate why she felt uncomfortable proceeding with arbitration.  (Doc. 85.)

      I held a telephone conference on June 11, 2020, explaining to Plaintiff that I did not see anything in her June 9, 2020 submission that would justify further delay of arbitration.  I offered Plaintiff the opportunity to direct me to particular portions of the submissions, and further offered Plaintiff the opportunity to submit additional information under seal if necessary.  During the conference, I instructed Plaintiff that this case could be dismissed for failure to prosecute should Plaintiff fail to justify her further delay in commencing arbitration.

      On July 16, 2020, Plaintiff filed an additional letter with exhibits, noting that she did not feel it was necessary to submit her materials under seal.  (Doc. 86.)  On July 27, 2020, I entered an Order concluding that "Plaintiff's submissions d[id] not demonstrate adequate grounds for continuing to delay the arbitration of this matter," and directing the parties to formally commence arbitration no later than August 28, 2020.  (Doc. 87.)[1]  My Order warned Plaintiff that "[s]hould Plaintiff fail to proceed with arbitration by August 28, 2020, this case will be dismissed for failure to prosecute."  (Doc. 87.)  Instead of complying with my Order, however, Plaintiff filed a letter arguing that dismissal would be inappropriate under the circumstances.  Nowhere in Plaintiff's letter, however, does Plaintiff request an extension of time to commence arbitration, or evidence any intent to proceed with arbitration.

---

[1] As Plaintiff notes, my July 27, 2020 Order mistakenly stated that Docket No. 85 was filed on June 6, 2020.  The letter was actually docketed on June 9, 2020.

II.     **Legal Standard**

Rule 41 authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  The rule authorizes dismissal *sua sponte* or on motion of the opposing party.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  No single factor is dispositive.  *See id.*

Dismissal is an extreme sanction and must be preceded by notice and an opportunity to be heard.  *See id*. at 217.  Dismissal with prejudice has "harsh consequences for clients, who may be blameless," and is reserved for "extreme situations."  *Id.* (internal quotation marks omitted).  Similarly, dismissal of a pro se litigant's complaint for failure to prosecute is appropriate "only when the circumstances are sufficiently extreme."  *LeSane*, 239 F.3d at 209.

III.    **Discussion**

Weighing the factors listed above, I conclude that Plaintiff has abandoned her pursuit of arbitrating this action and has failed to comply with my orders without justification, making dismissal with prejudice appropriate.

First, it has been nearly a year since my September 29, 2019 Opinion & Order granting Defendants' motion to compel arbitration.  Plaintiff has not commenced arbitration, nor has

3

Plaintiff demonstrated any intent to commence arbitration despite my Order to do so. *See Shetiwy v. Midland Credit Mgmt.*, No. 12-CV-7068 (RJS), 2016 WL 4030488, at *2 (S.D.N.Y. July 25, 2016), *aff'd*, 706 F. App'x 30 (2d Cir. 2017) (dismissing case for failure to prosecute after plaintiffs failed to pursue arbitration despite order compelling arbitration, and represented no intent to pursue arbitration). Second, Plaintiff was expressly advised during the June 11, 2020 conference, and again in my July 28, 2020 Order, that failure to commence arbitration would result in dismissal of her claims. *See id.* (plaintiffs were on notice, because "at the hearing, the Court indicated that it would dismiss this case pursuant to Rules 16(f) or 41(b) if Plaintiffs did not intend to arbitrate the remaining claims," and "[t]he Court also gave Plaintiffs an opportunity, both in writing and at the hearing, to respond"). Third, the Second Circuit has held that "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). Defendants are also prejudiced by the fact that the litigation remains pending against them without any likelihood of resolution in light of Plaintiff's refusal to pursue arbitration. *See Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015). Fourth, Plaintiff has received a full and fair opportunity to be heard, and the Court will not expend additional resources to explain once again Plaintiff's obligations. "Fifth, and finally, [I] find[] that lesser sanctions, including monetary sanctions, would not be adequate to compel arbitration." *Shetiwy*, 2016 WL 4030488, at *3. Instead, Plaintiff has demonstrated a refusal to comply with court orders directing her to arbitrate, making dismissal with prejudice appropriate. *See id.*

### IV.     **Conclusion**

For the foregoing reasons, this action is dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  This dismissal should not be construed to foreclose Plaintiff's right to pursue arbitration should she attempt to commence arbitration.  The Clerk's Office is respectfully directed to mail a copy of this order to the pro se Plaintiff and to close the case.

SO ORDERED.

Dated:  September 1, 2020
         New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge